## RICHMIRE, ADMINISTRATOR, *v.* DEARDURFF.

[No. 12,731.   Filed March 31, 1927.]

1. WORK AND LABOR.—*Agreement to pay for services rendered may be inferred from situation and conduct of parties and nature and character of the services.*—Where services are performed by one not a member of the recipient's family, an agreement to pay for such services may be inferred from the mutual relations, the situation and conduct of the parties, and from the nature and character of the services rendered. p. 32.

2. WORK AND LABOR.—*Uncle's agreement to pay for nursing and household services of niece may be implied.*—Although there was no express contract to pay for services rendered by a niece in nursing and caring for her uncle and his household, an implied agreement could be inferred from their mutual relations, the situation and conduct of the parties and the nature and character of the services rendered, especially where she was not a member of his household.   p. 32.

3. EXECUTORS AND ADMINISTRATORS.—*Extent and value of claimant's services for decedent were questions for the jury.*—In the trial of a claim by a niece against her uncle's estate for compensation for nursing and caring for her uncle and his

household, the extent of her services and their value were questions for the jury.  p. 33.

4.  EXECUTORS AND ADMINISTRATORS.—*Whether services of niece in caring for her uncle and looking after the household were gratuitous was question for the jury.*—In the trial of a claim by a niece against her uncle's estate for compensation for nursing and caring for her uncle and for household duties performed by her, the question whether the services were gratuitously rendered was for the jury.  p. 33.

From Newton Circuit Court; *George A. Williams,* Judge.

Action by Catherine Deardurff against Fred G. Richmire, administrator, for services rendered the administrator's decedent.   From a judgment in favor of claimant, the administrator appeals.  *Affirmed.*  By the court in banc.

*T. B. Cunningham,* for appellant.
*Hanley & Hanley,* for appellee.

REMY, J.—This action is based upon a claim filed by appellee against the estate of which appellant is the legal representative; claim being for nursing and household labor performed for appellant's decedent.   Claimant was a niece of decedent, but was not a member of his household.   There was no express contract that claimant was to be paid for her services.

It is contended by appellant that, in the absence of an express contract to pay for the services, it will be presumed that the services were gratuitously rendered, and that there can be no recovery.   The law is otherwise.   Where the services are performed by one not a member of recipient's family, an agreement to pay may be implied from the mutual relations, the situation and conduct of the parties, and from the nature and character of the services rendered. *Wainwright Trust Co., Admr.,* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419, and cases cited.   The authorities cited and relied on by appellant are cases de-

cided by this court, which have been overruled or modified by more recent decisions.

That appellee performed some of the services for which she seeks compensation is not controverted. The extent of those services and their value were 3, 4. questions for the jury. Whether those services were gratuitously rendered, was likewise a question of fact for the jury. By the verdict, the jury, guided by the court's instructions, must have found that there was an implied agreement on the part of decedent to pay the fair and reasonable value of the services rendered by appellee. There is competent evidence to sustain the verdict.

Affirmed.

Dausman, J., absent.