SCHROEDER *v.* SCHROEDER

[No. 17,517. Filed January 29, 1947. Rehearing Denied March 31, 1947. Transfer Denied May 13, 1947.]

*Frank E. Martindale, Walter A. Wise,* and *Albert B. Chipman,* all of Plymouth, for appellant.

*McKesson & Kizer,* of Plymouth, for appellee.

FLANAGAN, J.—This is an appeal from a judgment recovered by the appellee against appellant as compensa-

tion for certain necessities furnished appellant's decedent during her lifetime.

By its motion for a new trial appellant challenges the sufficiency of the evidence which is to the following effect:

From 1928 to 1942 appellee Louis C. Schroeder, his brother Rudolph Schroeder and their mother Mary Schroeder lived together as a family in a common household. Part of the time appellee's son and daughter also were a part of the household. The house was owned by the mother who performed the household duties during the time that she was able. Rudolph did some of the household chores when his mother was not able and also furnished coal and other necessities for the family. Appellee furnished the groceries and paid laundry bills. No one paid rent or board. The mother died in 1942.

The question here presented is whether appellee is entitled to compensation from decedent's estate for the groceries furnished and the laundry bills paid by him.

Where a person rendering services and the person for whom they are rendered are members of a family living together as one household, and the service appertains to such condition, an implication of a promise on the part of the recipient to pay for the services does not arise *from the mere rendition and acceptance thereof*. The only proper inference is that the services were rendered gratuitously. However a contract to pay for such services may be shown and such contract may be express or implied. An implied contract to pay may be inferred from facts and circumstances of the services which indicate that compensation was intended or is required by reason and justice. The question as to whether there is an express or implied contract to pay is ordinarily one for the jury

under proper instruction. *Hill* v. *Hill* (1889), 121 Ind. 255, 23 N. E. 87; *McCormick, Executor* v. *McCormick* (1891), 1 Ind. App. 594, 28 N. E. 122; *James, Administrator* v. *Gillen* (1892), 3 Ind. App. 472, 30 N. E. 7; *Estate of Reeves* v. *Moore* (1892), 4 Ind. App. 492, 31 N. E. 44; *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51; *Irwin* v. *Jones* (1910), 46 Ind. App. 588, 92 N. E. 787; *Miller* v. *Miller* (1911), 47 Ind. App. 239, 94 N. E. 243; *Kirklin* v. *Clark* (1913), 53 Ind. App. 358, 101 N. E. 753; *Wainright Trust Co., Admr.* v. *Kinder* (1918), 69 Ind. App. 88, 120 N. E. 419; *Farmers Loan & Trust Co., Admr.* v. *Mock* (1936), 102 Ind. App. 270, 2 N. E. (2d) 235. The above rules would also logically apply to the furnishing of groceries consumed by the family or the payment of the family laundry bills. Appellee does not claim the existence of an express contract but does contend that the facts and circumstances are sufficient to warrant the jury in finding an implied contract to pay.

It is settled, as we have stated above, that the question as to the existence of an implied contract to pay is ordinarily one for the jury. But the jury could not find the existence of such implied contract *from the mere furnishing of the groceries and the payment of the laundry bills.* We are unable to find any facts or circumstances whatsoever indicating in the slightest that appellee ever expected to recover compensation or that his mother ever expected to compensate him. Nor do we find any facts or circumstances indicating that compensation is required by reason and justice. We must therefore conclude that the verdict is not sustained by sufficient evidence.

Other questions presented are not likely to arise on another trial and therefore do not require consideration.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 70 N. E. (2d) 764.