Donald COLE, Administrator of Estate
of Thomas Cole, Defendant–Appellant,

v.

Sandra COLE, Plaintiff–Appellee.

No. 55A01–8707–CV–174.

Court of Appeals of Indiana,
First District.

Jan. 19, 1988.

Mark Peden, Foley, Foley & Peden, Martinsville, for defendant-appellant.

Phillip R. Smith, Wehrle & Smith, P.C., Martinsville, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, Donald Cole, as Administrator of the Estate of Thomas Cole, deceased (the Estate), appeals an adverse judgment rendered by the Morgan Superior Court on a claim filed by Sandra Cole (Sandra), the ex-wife of Thomas Cole (Thomas).

We affirm.

### STATEMENT OF THE FACTS

The undisputed facts are as follows. Thomas and Sandra were once husband and wife whose marriage was dissolved on December 12, 1983. Two children, Tim and Brent, were born to the marriage and were adults at the time of the dissolution. Sandra received a judgment of $36,566.00. At the time of the judgment herein, a balance existed on the dissolution judgment of $11,-884.02. In May and June of 1985, Thomas incurred a bill for health care at the Morgan County Memorial Hospital. After discussing the matter with Thomas, Sandra paid the $5,985.88 hospital bill with her own funds. At trial Sandra was prevented from testifying as to the reasons for the payment, on the basis of the dead man's statute.[1] Thomas died intestate, and on April 18, 1986, Sandra filed claims against the Estate for the balance due on the dissolution judgment and for the hospital bill she had paid. Also, a claim for $1,290.00 was filed by the Painted Hills Association, Inc., a housing subdivision, for assessments which had accrued against property owned by Thomas and Sandra from 1980 to 1985, when the property was sold at a tax sale.

Though the dissolution decree required that Thomas provide life insurance to secure the dissolution judgment, the insurance had been permitted to lapse. At the time of the trial, the Estate possessed cash in the amount of $22,000.00. Another valid claim existed for $21,000.00. The real estate in the Estate had been transferred to Tim and Brent, subject to a mortgage in the amount of $20,000.00. The sons had refinanced the mortgage, so the mortgage was no longer a liability against the Estate. Sandra had agreed to subordinate her claims to the mortgage.

The trial court entered judgment for Sandra on her two claims and for Painted Hills on its claim. The Estate appeals only the medical bill claim.

### ISSUE

As stated by the Estate, the sole issue is as follows:

Whether a volunteer can pay the debt of another and then collect from him absent any evidence of the volunteer's intent, and absent any evidence of prior request by the debtor or subsequent ratification of the payment.

### DISCUSSION AND DECISION

The Estate argues that Sandra was a mere volunteer, and a volunteer cannot pay the debt of another without authority and then enforce a claim against the debtor. Such officious person, the Estate argues, is usually denied recovery against the debtor. In support of its two and one-half page argument, the Estate cites only 66 AM. JUR.2d *Restitution and Implied Contracts* §§ 5, 43, and 155 (1973) and *Kody Engineering Co. v. Fox and Fox Insurance Agency, Inc.* (1973), 158 Ind.App. 498, 303 N.E.2d 307. From our own research we will address some of the wealth of Indiana authority on this subject.

---

1. IND.CODE 34–1–14–6.

Where services are performed by one not a member of the recipient's family, an agreement to pay may be implied from the relationship of the parties, the situation, the conduct of the parties, and the nature and character of the services rendered. *Richmire v. Deardurff* (1927), 86 Ind.App. 31, 155 N.E. 720. However, where the person rendering the services and the person for whom the services are rendered are members of a family living together, and the services apply to that condition, an implication of a promise on the part of the recipient to pay for the services does not arise; the only proper inference is that the services were rendered gratuitously. *Schroeder v. Schroeder* (1947), 117 Ind.App. 410, 70 N.E.2d 764. However, in this latter instance, an express contract or a contract implied in fact may be shown. *Id.* The same rule as applied to services also applies where a claimant has paid bills and debts on behalf of a decedent. *Forker v. Berkes* (1941), 111 Ind.App. 92, 38 N.E.2d 296.

The term family means a collective body of persons who form one household, under one head, and is subject to one domestic government, and who have reciprocal, natural, and moral duties to support and care for each other. *Crump v. Coleman* (1979), 181 Ind.App. 414, 391 N.E.2d 867. Any benefit, commonly the subject of pecuniary compensation, which one, not intending it as a gift, confers upon another, who accepts it, is an adequate foundation for a legally implied or created promise to render back its value. 6 *I.L.E. Contracts* § 6 (1958). There is no presumption of a gratuitous payment unless there is evidence of blood or family relationship between the deceased and the claimant. 1B G. Henry, *Probate Law and Practice* at 316 (7th ed. 1978). Whether the services or payments were rendered gratuitously or not is a question for the trier of fact. *Richmire, supra.*

The law is clear that the intention of the deceased to pay does not depend upon conversations between the claimant and him, or upon statements of either, but such intention can be implied from the surrounding circumstances and the right and justice of the claim. 1B G. Henry, *supra* at 316–17. It has been explained in cases that a great mass of human transactions depend upon implied contracts which grow out of the relations of the parties. In such cases, the parties are supposed to have made those stipulations which, being honest, fair, and just, they should have made. Where there is no express contract the right to recover may rest upon an implied contract or an implied promise to pay. Such a contract may be inferred from the conduct, situation, or material relations of the parties and enforced by law. The intention to pay and the expectation of compensation may be inferred from the conduct of the parties and where equity, justice, and fair dealing require compensation. *Kitch v. Moslander* (1943), 114 Ind.App. 74, 50 N.E. 2d 933.

In *Forker supra,* a neighbor who paid bills for a decedent was permitted to recover. In *Kitch, supra,* a divorced wife of decedent was permitted to recover for services rendered in decedent's home where she had lived and worked for 35 years. In *Richmire, supra,* a niece was permitted to recover for nursing and household labors performed. *Kody Engineering, supra,* relied upon by the Estate, is inapplicable as it was totally a commercial transaction.

Here, under all of the somewhat unusual circumstances, the character of the debt, and the substantial amounts involved, the trier could infer that an agreement on the part of Thomas to repay Sandra existed. The trier could infer that Sandra was no mere volunteer, nor did she intend a gift. Sandra was not at that time a member of Thomas's household, and, as stated by Susan Hayden, the business office employee of Morgan County Memorial Hospital who received the payment, it is strange that a divorced wife would pay her former husband's hospital bill in so large an amount.

A more compelling inference to be drawn from the facts of this case is that because of the former marital relation, lingering affections not necessarily extinguished by a cold decree, common familial relationship

to their two sons, and possibly the hope of reconciliation, which are common to their situation, Sandra was advancing money as a loan to tide Thomas over rough spots due to his strained financial circumstances and failing health. Reason and justice demand that she should be reimbursed.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.