Thomas (Tom) GROSE, Appellant–
Defendant,

v.

BOW LANES, INC., and Ron,
Inc., Appellees–Plaintiffs.

No. 20A03–9508–CV–267.

Court of Appeals of Indiana.

Feb. 21, 1996.

Max K. Walker, Jr., Consentino, Walker, Shewmaker & Christofeno, Elkhart, for appellant.

Samuel J. Rodino, Elkhart, for appellee.

## OPINION

STATON, Judge.

Thomas Grose ("Tom") appeals from the trial court's grant of summary judgment in favor of Bow Lanes, Inc. and Ron, Inc. (collectively "Bow Lanes"). In his appeal, Tom presents three issues for our review which we restate as follows:

I. Whether the trial court erred in failing to consider the materials Tom designated in opposition to summary judgment.

II. Whether the trial court erred in granting Bow Lanes' motion for summary judgment.

III. Whether the trial court erred in its award of postjudgment interest.

We affirm in part, reverse in part, and remand.

The facts most favorable to the nonmovant, Tom, reveal that on December 20, 1991, Ron Grose, Tom's father and president of Ron,

Inc., issued a check for $4,000 payable to Tom. On January 10, 1992, Ron, as president of Bow Lanes, Inc., issued three more checks to Tom, totaling $14,000. Tom cashed these checks in order to alleviate some financial problems involving his excavating business.

In August 1994, Bow Lanes filed a complaint for money due against Tom, alleging that Tom failed to repay both the $4,000 and $14,000 loans. Tom answered, denying each allegation. In December 1994, Bow Lanes filed a motion for summary judgment with supporting materials, arguing that no genuine issue of material fact existed regarding repayment of the loans. Tom responded, filing a "Statement of Relevant Facts", and two affidavits in opposition. Following a hearing,[1] the trial court granted Bow Lanes' motion for summary judgment, finding "... a complete lack of evidence available to rebut the legal presumption that the checks were given as a loan ..." Record, p. 158. The trial court awarded Bow Lanes $18,000 plus interest at the rate of 8% per annum to accrue from the date of each loan. Tom appeals this judgment.

## I.

### Designated Materials

■ First, Tom argues that the trial court erred when it failed to consider the materials he designated in opposition to Bow Lanes' motion. Rulings concerning the relevancy of evidence are largely within the discretion of the trial court, and a determination made by that court will not be disturbed on appeal unless it is clearly erroneous. *Laudig v. Marion County Bd. of Voters Reg.*, 585 N.E.2d 700, 708 (Ind.Ct.App.1992), *trans. denied.*

In response to Bow Lanes' motion, Tom filed a "Statement of Relevant Facts" and two affidavits. In its order, the trial court indicated:

... The defendant, however, has adequately designated only those facts highlighted in the depositions of Thomas and Laverna Grose which were specifically referred to by counsel in the summary judgment hearing. None of the other documents filed by the defendant in this case merit consideration by the Court in ruling on the plaintiff's motion for summary judgment. The Court's consideration of the motion for summary judgment will be based, therefore, on those facts properly designated by the plaintiff and defendant and those facts only. . . .

Record, pp. 155–156.

■ Affidavits supporting or opposing summary judgment must set forth such facts as would be admissible in evidence. Ind.Trial Rule 56(E). Affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and if an affidavit does not meet the requirements of the rule, the trial court may disregard it on its own motion. *Paramo v. Edwards*, 563 N.E.2d 595, 600 (Ind.1990).

■ The "Statement of Relevant Facts" contained an acknowledgment of the dates and circumstances surrounding the checks Tom received from Ron. In addition, the Statement contained a paragraph which indicated that over the years, Tom's excavating corporation had previously completed work for Ron's corporations, and that Tom had never been repaid for such work. In his affidavit, Tom essentially restated the allegations set forth in the "Statement of Relevant Facts", but he also stated that he had not been paid for work he previously performed for Ron, Inc. and Bow Lanes, Inc. Both the "Statement of Relevant Facts" and Tom's affidavit contain the allegation regarding unpaid work Tom completed for Ron's companies. This fact was not contained in the materials Bow Lanes filed in support of its motion. Thus, we disagree with the trial court's conclusion that "[Tom] has adequately

---

1. The record indicates that a hearing on the summary judgment motion was held in the trial judge's chambers on March 23, 1995. This hearing was not recorded so there is no transcript of the evidence for our review. Neither party elected to submit a Statement of the Evidence in accordance with Ind.Appellate Rule 7.2(A)(3)(c). However, counsel for Tom submitted a sworn statement that the record on appeal contains all the evidence referred to by the parties during the hearing.

designated only those facts highlighted in the depositions of Thomas and Laverna Grose." Record, p. 155. So long as the trial court is apprised of the specific material on which the parties rely either in support or in opposition to the motion, then the material may be considered. *Nat. Bd. of Examiners for Osteopathic Physicians and Surgeons, Inc. v. American Osteopathic Assn.*, 645 N.E.2d 608, 615 (Ind.Ct.App.1994). Thus, we conclude that the trial court erred in failing to consider these materials.[2]

## II.

### *Summary Judgment*

▮ Next, Tom contends that the trial court erred in granting Bow Lanes' motion for summary judgment because he raised a material issue of fact regarding the nature of the payments. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind. Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. *Id.*

▮ First, Tom contends that the trial court erred in granting summary judgment because he raised a material issue of fact

that the checks he received were not loans, but repayments of a past debt. When a check is issued and paid to another in the absence of any contrary evidence, it is presumed to be made in payment of a debt due the payee of the check. If it is shown that the check was not issued to pay a debt, then the presumption arises that said check was a loan. *Stanley v. Estate of Walters*, 147 Ind. Ct.App. 456, 261 N.E.2d 594, 597 (1970), *trans. denied.*

▮ In support of its summary judgment motion, Bow Lanes submitted the affidavit of Ron Grose wherein he stated that: (1) the monies he gave to Tom were loans; (2) the $4,000 check issued in December 1991 had "loan" filled in the memo section; (3) in his check register, his entries for each check were marked loans; (4) when Tom asked for money in January 1992, he and Tom discussed how Tom intended to repay the money; and (5) he never had any discussion with Tom or his former wife, Laverna Grose, that these payments were family gifts. In addition, Bow Lanes submitted the affidavit of its accountant, Shirley Muser, who indicated that it was her understanding the monies paid to Tom were loans, not gifts. This contrary evidence rebuts the presumption that the checks issued to Tom were not for a debt and instead raises the presumption that the checks were loans. *Stanley, supra.*

▮ To rebut the presumption of a loan, Tom invites us to make several inferences from the bald assertions in the "Statement of Relevant Facts" and his affidavit that he completed work for Ron which went unpaid, and that on some occasions, Ron would indicate that he would "make it up" to him at a later date. Record, pp. 43 and 45. From this statement, we are to infer that: (1) the value of this unspecified work was $18,000; (2) these checks were payments for these unspecified services; and (3) although he asked his father for this money to help solve

2. Tom also submitted the affidavit of his sister, Melissa Grose, wherein she stated that she was present when Tom asked Ron to cosign a loan for him in the summer of 1992. Her affidavit contained information regarding the substance of their discussion about this unrelated transaction. Because the information contained in the affida- vit was irrelevant as to the issue before it, the trial court did not err when it declined to consider it. *See Laudig, supra* (trial court did not abuse discretion in granting party's motion to strike irrelevant affidavit attached to motion for summary judgment).

his financial problems, the monies instead were given to Tom as repayment for previously unpaid work.

Even when construed in the light most favorable to Tom, the materials Tom submitted contain nothing to indicate that the $18,-000 he received was for repayment of a debt as Tom presents no evidence regarding when such work was completed, the nature of the work, and the value of his services. Without any specific factual evidence, these inferences alone cannot support Tom's claim that the checks were repayment of a debt. *Cf. Ogden Estate v. Decatur County Hospital,* 509 N.E.2d 901, 902–903 (Ind.Ct.App.1987), *reh. denied, trans. denied* (nonmovant failed to sustain burden opposing summary judgment as negligence claim could not be supported by inferred chain of events in the absence of specific facts) and *see also Butler v. City of Indianapolis,* 653 N.E.2d 501 (Ind.Ct.App. 1995), *trans. pending.* The mere statement that he had previously done work for Bow Lanes, Inc. and Ron, Inc. and that he was never paid for this work is insufficient to raise a genuine issue of material fact that the checks he received were for repayment of a debt.

■ Alternatively, Tom contends that he raised a genuine issue of fact to support his claim that the checks were not loans but gifts. However, Tom fails to cite any authority or statutes to support his claim that the checks were gifts and, thus, has waived any allegation of error. Ind.Appellate Rule 8.3(A)(7); *Captain & Co., Inc. v. Stenberg,* 505 N.E.2d 88, 95 (Ind.Ct.App.1987), *trans. denied.*

■ Notwithstanding waiver, in determining whether the exchange of money is either a gift or a loan, the court has considered factors such as an expectation or agreement regarding repayment or the accrual and payment of interest. *See Phegley v. Phegley,* 629 N.E.2d 280, 282 (Ind.Ct.App. 1994), *trans. denied; Rees v. Heyser,* 404 N.E.2d 1183, 1186–1187 (Ind.Ct.App.1980), *reh. denied.*

■ Any benefits, commonly the subject of pecuniary compensation, which one, not intending it as a gift, confers upon another, who accepts it, is an adequate foundation for a legally implied or created promise to render back its value. *Cole v. Cole,* 517 N.E.2d 1248, 1250 (Ind.Ct.App.1988). Where there is no express contract, the right to recover may rest upon an implied contract or an implied promise to pay. Such a contract may be inferred from the conduct, situation, or material relations of the parties and enforced by law. *Id.* The intention to pay and the expectation of compensation may be inferred from the conduct of the parties and where equity, justice, and fair dealing require compensation. *Id.*

■ Nothing in Tom's affidavit or the "Statement of Relevant Facts" mention that Ron intended these monies to be a gift or that Tom considered them to be a gift. Thus, Tom has failed to present any opposing evidence on this issue. Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court. T.R. 56(C). Where the opposing party sets forth no specific facts by way of affidavit, alternative documents or filings that would put into issue the otherwise undisputed facts, summary judgment is proper. *Rickels v. Herr,* 638 N.E.2d 1280, 1283 (Ind.Ct.App.1994).

Our review of the designated evidence, as indicated *supra,* reveals that in his affidavit and attached exhibits, Ron indicated that the monies he gave to Tom were loans and the entries in his check register indicated that these checks were loans. Moreover, in the memo portion of the first check, the word "loan" appeared. Copies of these documents support his statement. Ron further indicated that in 1987, he previously loaned Tom money which Tom repaid and a copy of Bow Lane's, Inc. notes receivable schedule reflects same. Ron's business accountant also stated that the payments were considered loans.

The entries in Bow Lane's check register and the notation on the first check support the conclusion that the money was given to Tom as a loan. Moreover, Tom's repayment of monies in the past are further indication

that these checks were also loans. In sum, the trial court could reasonably conclude that the $18,000 constituted a loan. *See Phegley, supra; Cole, supra.* Because no genuine issue of material fact exists regarding the nature of these monies, the trial court properly awarded summary judgment in favor of Bow Lanes.

### III.

#### *Interest*

 Finally, Tom argues that the trial court erred in its determination of the interest portion of Bow Lanes' damages. On appeal, a damage award will not be reversed if it is within the scope of the evidence. When reviewing the evidence, we may not reweigh the evidence or judge the credibility of the witnesses. *Dunn v. Cadiente,* 516 N.E.2d 52, 54 (Ind.1987), *reh. denied.*

Tom argues that the trial court erred in awarding Bow Lanes 8% postjudgment interest. IND.CODE § 24–4.6–1–101 (1993) provides:

> Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:
>
> \* \* \* \* \* \*
>
> (2) an annual rate of eight percent (8%) if there was no contract by the parties.

IC 24–4.6–1–102 further provides:

> When the parties do not agree on the rate, interest on loans or forbearances of money, goods or things in action shall be at the rate of eight percent (8%) per annum until payment of judgment.

 Tom contends that the trial court erred in awarding Bow Lanes postjudgment interest at the rate of 8% per annum because in its complaint, Bow Lanes alleged that Tom agreed to pay the December 1991 loan at an interest rate of 5% annum and the January

1992 loans at an interest rate of 4.5% annum.[3]

 The recovery of a plaintiff in a civil action is governed by the evidence adduced at trial, even where this varies from the relief requested in that party's pleadings. *Utica Mut. Ins. Co. v. Ueding,* 175 Ind.Ct.App. 60, 370 N.E.2d 373, 378 (1977).

 In its memorandum in support of its motion for summary judgment, Bow Lanes concluded by requesting accrued interest at an 8% rate pursuant to IC 24–4.6–1–101–102. However, Bow Lanes designated paragraphs one and two of its complaint as evidence in support of its motion. In these paragraphs, Bow Lanes alleged that Tom agreed to a 5% interest rate on the December 1991 loan and a 4.5% interest rate on the January 1992 loans.

Because we conclude that the trial court properly granted summary judgment to Bow Lanes on the grounds that these payments were loans, interest should be awarded in accordance with the agreed rate as designated by Bow Lanes in its complaint. Accordingly, we reverse the trial court's award of postjudgment interest at a rate of 8% and remand this matter to the trial court with instructions to award Bow Lanes postjudgment interest at a rate of 5% for the December 1991 loan and at a rate of 4.5% for the January 1992 loans.

Affirmed in part, reversed in part, and remanded.

HOFFMAN and ROBERTSON, JJ., concur.

---

3. Bow Lanes contends that Tom has waived review of this issue because he failed to raise evidence of the agreed interest rate at the summary judgment hearing. However, Tom contested Bow Lanes' motion on the ground that there was no loan agreement between the parties. Ac-

cordingly, for Tom to argue that the parties had an arranged interest rate on the loan would have been inconsistent with his defense to summary judgment. Therefore, we reject Bow Lanes' contention that Tom has waived review of the application of the 8% interest rate.