HOLCOMB & HOKE MANUFACTURING COMPANY *v.* YOUNGE.

[No. 15,476. Filed May 25, 1937.]

*Smith, Remster, Hornbrook & Smith,* for appellant.

*Alvah J. Rucker, James E. Rocap* and *John T. Rocap,* for appellee.

LAYMON, P. J.—This action was instituted by appellee against appellant to recover damages for breach of an oral contract for services alleged by appellee to have been entered into with appellant. The amended complaint was in one paragraph, to which appellant addressed its answer in two paragraphs, the first a general denial and the second a plea of payment. To the affirmative answer appellee replied in general denial. A trial by the court and jury resulted in a verdict and judgment in favor of appellee, awarding him damages. Interrogatories were submitted to the jury and the an-

swers thereto returned with the general verdict. Appel-. lant, within due time, filed its motion for a new trial, which was overruled. Appellant then filed a motion for judgment in its favor on the interrogatories submitted and the answers of the jury thereto. This motion was also overruled, and judgment was entered by the court on the verdict. From this judgment appellant appeals and assigns as error: (1) The ruling of the court on appellant's motion for judgment on the interrogatories and answers thereto; (2) the ruling of the court on appellant's motion for a new trial. The grounds in the motion for a new trial which are properly presented are that the court erred in giving and refusing to give certain instructions and that the verdict is not sustained by sufficient evidence and is contrary to law.

It appears from the evidence that appellant called appellee by telephone, informing him that a position of employment was open in its legal department and asking if he would accept this position. At the time appellee resided in Cleveland, Ohio, where he was practicing law and earning approximately $200 a month. In response to appellant's inquiry he replied that he would be interested but that he would like to confer with his wife, which was agreeable with appellant, and appellee was then requested to report the following day. Appellant said: "This job pays a salary of $2600 per annum, which figures out something like $50 per week." Appellee was told that he was wanted immediately and was asked if he could report the following Monday, to which he replied that he could and that he would telegraph appellant the next day. The following day, November 4, 1930, appellee sent a telegram to appellant to expect him on Monday morning, November 10th. On the morning of November 10, 1930, appellee arrived in Indianapolis, went to the office of appellant, and immediately went to work; Appellee continued to work for

appellant for some time and was later discharged on July 14, 1931. Shortly after appellee began his work he made application for an indemnity bond and secured the bond. At the suggestion of appellant appellee moved his family and furniture from Cleveland to Indianapolis and rented a house in the city of Indianapolis, where he lived with his family until he was discharged. The position for which appellee was employed required considerable work extending over a long period of time. After his discharge appellee sought other employment, but he was unsuccessful. Several payments were received by appellee from appellant, the amount of which is immaterial, as no question is presented in this appeal as to payment.

The jury, by its answers to the interrogatories propounded, found specifically that on November 3, 1930, appellant, in a telephone conversation, agreed with appellee to employ him; that appellee, on November 4, 1930, agreed to work for appellant; that on said date it was agreed between appellant and appellee that appellee would commence work on November 4, 1930, the employment to last for one year and expire on November 4, 1931.

Appellant contends that a contract for a period of one year did not exist between it and appellee in the first instance, and further, if such contract did in fact exist, the evidence shows conclusively that it was not to be performed within a year from the making thereof and, not being in writing, was within the statute of frauds and unenforceable (§33-101 Burns 1933, §8363 Baldwin's 1934). These contentions are without merit. There was ample evidence to warrant the jury in finding that a contract for a period of one year existed between appellant and appellee. The mere fact that appellee did not actually commence work until November 10, 1930, would not of itself be determinative

of the period within which such contract was to be performed. The term of appellee's employment was a question of fact for determination by the jury upon all of the evidence pertaining to the subject. In this instance it became a question of fact whether the year's period was to be reckoned from the date of the making of the contract or from the time when performance was begun. If the period of service is to date from the inception of the contract, the fact that service thereunder is not actually commenced until several days thereafter is immaterial so long as the contract is to be performed within one year from the making thereof. The jury specifically found that the period of performance began on the date of making the contract and terminated at the end of one year from the date of such contract. The evidence was sufficient to sustain such finding.

Appellant complains of Instruction No. 13 given by the court upon its own motion. In this instruction the jury was informed that if they found from the evidence that appellee was employed by appellant orally, wherein appellant stated that appellee's salary would be $2600 a year, that the jury would be at liberty to find that such employment was an employment for a full year, provided they further found to have been present at the time of such oral agreement any one or more of the following circumstances: (1) If the appellee gave to the appellant consideration aside from his promise to serve the appellant; (2) if appellee's employment was an important one and of a kind such that a temporary and indefinite employment of appellee would not likely have been made; (3) if, to the notice of appellant, the appellee had made, or was required by the employment to make, and did make an important change in his general relations in order to accept the position with appellant, such as the removal of himself and his things to a new place; (4) if, to the

notice of appellant, appellee had given up, or was required by the employment to give up, and did give up a position or occupation of some value in order to enter into the employment of appellant. The instruction further directed the jury that they were the sole judges of the existence or non-existence of any of such circumstances. The language employed in this instruction did not require the jury to exclude all other facts and circumstances as disclosed by the evidence tending to prove the period of the contract, but gave them certain facts which they were at liberty to apply in ascertaining their final determination on the subject of inquiry.

The fact that payment is to be made in accordance with a time unit is evidence, in connection with other relevant facts, indicating that the agreement is for such unit. Thus, an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated if one party pays consideration aside from his promise to employ or to serve; or if the agency is an important one and of a kind such that a temporary appointment would not be likely to be made; or if, as the principal has notice, the employee has made an important change in his general relations in order to accept the position, such as the removal of himself and his things to a new place; or if he has given up a position of some value in order to enter the employment. In the absence of other facts, a custom in the business of which the parties should know, or a usage by the principal as to periods of employment of which the agent should know, is controlling. *Restatement of the Law of Agency*, American Law Institute, §442, p. 1031.

It is insisted that each of the instructions Nos. 12, 14 and 15 given by the court of its own motion and the

refusal to give Instruction No. 4 tendered by appellant constituted error. These instructions may be grouped under appellant's proposition that the instructions given did not correctly state the law and were not applicable but contrary to the provisions of the fifth subdivision of our statute of frauds, *supra*, and that appellant's tendered Instruction No. 4 was a correct statement of the law. We have examined these instructions, together with all of the instructions given by the trial court, and, when taken as a whole, we think they fairly state the law applicable to the case. It is evident from the answers to the interrogatories that appellant was not harmed by any of the instructions given on the subject of the statute of frauds. The answers to the interrogatories disclose a contract to which the fifth subdivision of our statute of frauds would have no application. This provision has no application to contracts which may or may not be performed within one year. *City of Decatur* v. *McKean* (1906), 167 Ind. 249, 78 N. E. 982.

Appellant further contends that the court erred in overruling its motion for judgment on the interrogatories and answers thereto and urges that the answers to the interrogatories disclose a contract extending over a period of a year and a day beginning on November 4, 1930, and ending on November 4, 1931. This contention is not tenable. The word "year," as used in the statute, means a calendar year. In the computation of time within which any act is required to be done, there must be the exclusion of the first day and the inclusion of the last day. The reason for this rule is obvious. Such rule would disregard fractions of a day, prevent injustices from arising, and favor the enforcement of contracts. The rule is based upon reason and justice and must prevail.

We conclude that there was no error in overruling appellant's motion for judgment on the interrogatories and the motion for a new trial. Judgment affirmed.