## WILLS V. GAFF ET AL.

[No. 19,652. Filed June 12, 1963. Rehearing denied July 9, 1963. Transfer denied April 1, 1964.]

*Allen & Allen, J. Chester Allen Sr.*, and *Charles H. Wills*, of South Bend, for appellant.

*Hammerschmidt & Bonewitz* and *Bruce C. Hammerschmidt*, of South Bend, for appellees.

MOTE, C. J.—This is an action for damages for breach of a contract of employment by wrongful discharge of appellant as an employee. The complaint alleges the following situation: On May 19, 1956, the South Bend Young Women's Christian Association, appellees herein, through its executive director, filed a vacancy registration for the position of Group Work Program Director with the national office of the Young Women's Christian Association. A vacancy registration is evidently a form used by the Y. W. C. A. to notify the national office of vacancies. It contains a job description, salary, date of the job and the career potential of the job. The national office referred appellant's name to the appellees. Appellant had been in the employment of the Young Women's Christian Association of Dayton, Ohio, for five and one-half (5-1/2) years. On June 14, 1956, appellant and appellees, after interviews, entered into a contract of employment. Substantially identical contracts for the next two years, beginning September 1, 1957 and September 1, 1958 respectively, were entered into between the parties. The contract for the year beginning September 1, 1958, which was executed June 26, 1958, is as follows:

CONTRACT
Between the
Group Work Program Director
and the
Y.W.C.A. of South Bend, Indiana
June 26, 1958

'The Board of Directors of the Young Women's Christian Association of South Bend hereby engages Mrs. Eurilla Wills to be its Group Work Program Director for the year beginning September 1, 1958 at a salary of $5,100 to be paid in semimonthly installments, and enters into the following agreement: A vacation of one month in the summer and one week at another time of the year preferably between December 1st and March 31st, shall be provided. Vacation for a period of service less than one year shall be on the basis of one week for every three months. The stipulated vacation shall be due the Director whether or not she returns to the position.

'Time shall be allowed for attendance at such Association. Conferences and conferences of other organizations as shall be of professional value. The expense of such conferences attendance shall, at the discretion of the Board, be included in the Association budget. Attendence at conferences shall not be considered as vacation.

'Part of the program staff director's obligation is participation in monthly board meetings and all association events. Once in three years a period of one to three weeks with pay, beyond the summer vacation shall be allowed the Director for study.

'Fifteen working days sick leave shall be allowed annually, with full pay. Illness of longer than this shall be referred to the Personnel Committee in conference with the Director.

'The Group Work Program Director shall work directly with the Membership and Planning Committees. She shall have a supervisory relationship with staff working with groups and shall cooperate in the promotion, organization and development of program.

'The Director's schedule shall be on the basis of a 40 hour week, with 36 consecutive hours free each week. It shall be left to the discretion of the Director whether the schedule of 40 hours be in five or six days.

'It is agreed that either of the signers of this

contract in an emergency may terminate it by giving the other signer one months notice in writing.

Signed for the Board of Directors,

Mary Jane Gaff
President

Eurilla Wills
Director under contract

Date June 26, 1958

On June 19, 1959, appellant was informed by letter that her employment would terminate upon expiration of the contract of employment, which was on August 31, 1959.

The appellees have a statement of personnel policy which was in effect at the time of the transactions between appellees and appellant. The pertinent portions of the personnel policy are as follows:

"I. PURPOSE OF THE POLICY

'The purpose of this policy is that we maintain the best possible conditions and standards for Association Staff in order to give greatest satisfaction both to the worker and to insure highest efficiency of the work. It is our aim also to encourage a reasonable length of service in the Association.

' . . . '

"III. CONTRACTS

a. It shall be our policy to give yearly contracts issued each year directly following the April Board Meeting after evaluation of work of each staff member.

"V. VACATIONS

Vacation shall consist of one month in the summer and one week at Christmas or between December and March.

. . .

If the Director has not been a full year in the service, the vacation shall be in proportion to

the number of months served, e.g. one week for every three months service. Vacations shall be due the Director whether she returns to the job or not."

The trial court sustained a motion to strike portions of the complaint containing allegations of the personnel policy, the vacancy registration, previous employment, and letter of termination which allegedly violates the personnel policy.

In support of the motion to strike appellees assert that all terms of employment were merged in the written contract.

Appellant, under Supreme Court Rule 2-6 of 1958, which was then in effect, assigns as independent error the trial court ruling which sustained the motion to strike. Appellant asserts that the contract of employment included the personnel policy and the vacancy registration. She further contends that the personnel policy required appellee to enter into annual contracts with appellant. In substance, appellant contends that the contract of employment was not for one year but for a longer indefinite period. She concludes, therefore, that the trial court's ruling emasculated her complaint.

Where a written contract is ambiguous or uncertain in its terms, the surrounding circumstances and extrinsic facts may be looked to as an aid in construing the contract and ascertaining the intent of the parties. *Mobley* v. *J. S. Rogers Company* (1918), 68 Ind. App. 308, 119 N. E. 477; *Washington Township Board of Finance* v. *American Surety Company of New York et al.* (1932), 97 Ind. App. 45, 183 N. E. 492. Therefore, if the contract is ambiguous or uncertain terms may be supplied by

competent relevant evidence designed to clarify such ambiguities and have the same effect as if expressly written therein by the parties. *Luther* v. *Bash et al.* (1916), 61 Ind. App. 535, 112 N. E. 110; *Thomas* v. *Hennes* (1922), 78 Ind. App. 275, 135 N. E. 392.

However, before the surrounding circumstances and extraneous facts may be considered, the instrument must be ambiguous. *Sprague* v. *State of Indiana* (1932), 203 Ind. 581, 181 N. E. 507. The intention of the parties is to be deduced from the language employed by them, and the terms of the contract when unambiguous are conclusive. *Jenkins et al.* v. *King* (1946), 224 Ind. 164, 65 N. E. 2d 121; *Ebbeskotte* v. *Tyler* (1957), 127 Ind. App. 433, 142 N. E. 2d 905; *Reagan et al.* v. *Dugan* (1942), 112 Ind. App. 479, 41 N. E. 2d 841. It logically follows, therefore, that there can be no implication against the express terms of a contract, nor a substitution of an implied term for an express one. *New Harmony Realty Corporation* v. *Superior Oil Company* (1941), 108 Ind. App. 668, 31 N. E. 2d 673.

Appellant, in her argument, contends that the personnel policy of appellees is incorporated, by implication, into the contract here in issue, and therefore the employment could not be terminated by appellees. The instrument, however, contains the following express term:

"The Board of Directors of the Young Women's Christian Association of South Bend hereby engages Mrs. Eurilla Wills to be its Group Work Program Director for the year beginning September 1, 1958, . . ."

In effect, appellant requests the court to substitute an implied term in place of the express term, "for

the year beginning September 1, 1958." As stated before, this cannot be done. *New Harmony Realty Corporation* v. *Superior Oil Company, supra.* One of the reasons for this rule is that such action would have the result of making a different contract from the one entered into by the parties. The court cannot make a new contract for the parties. *Automobile Underwriters, Inc., et al.* v. *Jeanette Camp, by next friend et al.* (1940), 217 Ind. 328, 28 N. E. 2d 68.

Appellant contends, in addition, that failure to offer her another contract upon expiration of one in effect would violate the personnel policy, clause III, set forth above, and therefore constitutes an unlawful discharge. In support of this contention, appellant cites *Holcomb & Hoke Manufacturing Company* v. *Younge* (1937), 103 Ind. App. 439, 8 N. E. 2d 426. That case concerned an oral contract of employment. The question for the jury was the date of commencement of the oral contract and the period of time it encompassed. The court held that the jury should consider (a) whether the employment was an important one and of a kind such that a temporary and indefinite employment would not likely have been made, (b) whether the employee made an important change in his general relations such as removal of himself and things to a new place and, (c) whether employee gave up a position or occupation in order to enter into the employment.

The case at bar is decidedly different from *Holcomb & Hoke Manufacturing Company* v. *Younge, supra.* In this case there is a written contract with a definite period of employment set forth; therefore, the *Holcomb* case has no application to

the instant one. Appellant has failed to show, by argument or citations of pertinent authority, that the contract was more than an annual contract of employment which would terminate at the expiration of the year on the specified date. Any further employment must be by reason of a new contract executed by the parties. In light of what we have said above, there was no error in sustaining the motion to strike.

Appellant also asserts that the trial court erred in overruling her motion for a new trial. She contends, in support thereof, that the decision of the court is contrary to law. The record shows, however, that appellant who was plaintiff in the action, refused to introduce any evidence at the trial and elected to stand upon the trial judge's ruling on the motion to strike.

Judgment affirmed.

Carson, P. J., Clements, Kelley, Pfaff and Ryan, JJ., concur.

Cooper and Hunter, JJ., not participating.

NOTE.—Reported in 191 N. E. 2d 41.