



FILED

Mar 14 2025, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

The Estate of Judith Anne Sain, Melissa Vogt, Melanie Novack, Kelly Kelson, and Jodie Svendson,

*Appellants-Defendants*

v.

Kenneth Sain , Linda Grevenstuk, Pamela Cuchiara, and Barbara Richey,

*Appellees-Plaintiffs*

March 14, 2025

Court of Appeals Case No.
24A-PL-1021

Appeal from the Newton Superior Court

The Honorable Daniel J. Molter, Judge

Trial Court Cause No.
56D01-2305-PL-000416

**Opinion by Judge Felix**
Judges Pyle and Weissmann concur.

**Felix, Judge.**

## Statement of the Case

Before his death, Kenneth Sain executed a will that left all his property to his wife Judith, and in the event she predeceased him, it left all his property in equal shares to his children (the "Plaintiffs") and Judith's children; none of the children were born of the marriage. Judith simultaneously executed a similar will. Kenneth died, and all his property went to Judith. Several years later, Judith revoked her will and executed a new one that named only her children as beneficiaries; she also conveyed her real estate to her children before her death. After Judith died, the Plaintiffs sued Judith's estate and children (collectively, the "Defendants") for breach of contract and unjust enrichment. The trial court granted summary judgment in favor of the Defendants on the breach of contract claim but denied them summary judgment on the unjust enrichment claim. A jury found in favor of and awarded the Plaintiffs $100,000 on their unjust enrichment claim. The Defendants now appeal, raising several issues for our review, one of which is dispositive: Whether the trial court erred by denying the Defendants' summary judgment on the Plaintiffs' unjust enrichment claim.

We reverse and remand.

## Facts and Procedural History

When Judith and Kenneth married in 1987, they each had four children from prior relationships. Also at the time of the marriage, Judith owned 20 acres of real estate in Newton County, Indiana (the "Newton County Property"), while

Kenneth owned real estate in Illinois. In 1994, Judith quitclaimed the Newton County Property to her and Kenneth as husband and wife. Two years later, the Illinois real estate was sold, and Kenneth and Judith constructed a residence on the Newton County Property.

[4] In 2009, Kenneth and Judith simultaneously executed wills prepared by the same attorney. Kenneth's will left all his property to Judith as her "sole and absolute property"; in the event Judith predeceased him, Kenneth left his property in equal shares to the Plaintiffs and Judith's children. Appellants' App. Vol. II at 77. Similarly, Judith's will (the "2009 Will") left all her property—except for a potential inheritance from her mother—to Kenneth as his "sole and absolute property"; in the event Kenneth predeceased her, Judith left all her property—except for the potential inheritance, which was to transfer to her children exclusively—in equal shares to the Plaintiffs and her children. *Id.* at 73. Neither of these wills contained any restrictions on the beneficiary spouse's ability to transfer the other's property after death, and neither contains a non-revocation provision.

[5] In 2011, Kenneth died. Pursuant to Kenneth's will, all his property became Judith's "sole and absolute property," including the Newton County Property. In 2014, Judith executed a new will (the "2014 Will") that revoked the 2009 Will and left all her property to only her children. In 2019, Judith conveyed the Newton County Property to her four children and reserved a life estate in that property for herself. The Plaintiffs were unaware of any of these changes to the will or the transfer of real estate.

[6] When Judith died in 2022, her children became the owners of the Newton County Property. When the Plaintiffs realized they were left out of Judith's will, they sued the Defendants for breach of contract and unjust enrichment. For their breach of contract claim, the Plaintiffs alleged that when Judith revoked the 2009 Will and executed the 2014 Will, she breached the contract she and Kenneth made to divide their property equally among the Plaintiffs and Judith's children. For their unjust enrichment claim, the Plaintiffs alleged that Judith's revocation of the 2009 Will, execution of the 2014 Will, and deeding of the Newton County Property to her children violated an agreement she had with Kenneth whereby he would divide the marital estate among both his and Judith's children in exchange for Judith executing and not revoking the 2009 Will; this, according to the Plaintiffs, rendered a benefit to Judith and her children.

[7] The Defendants filed a motion for summary judgment on both the Plaintiffs' claims. The trial court entered summary judgment in favor of the Defendants on the breach of contract claim, but did not rule on the unjust enrichment claim. Consequently, the Defendants filed a motion for entry of summary judgment on that claim, arguing that the unjust enrichment claim failed because it was based on the alleged nonrevocation agreement that the trial court had already determined did not exist in the breach of contract claim. The trial court denied the Defendants' motion, and their subsequent motion seeking certification to file an interlocutory appeal on that denial.

[8] The case then proceeded to a jury trial on the unjust enrichment claim. At the close of the Plaintiffs' case, the Defendants filed a motion for entry of judgment on the evidence, arguing in relevant part that the Plaintiffs had failed to establish that Judith had agreed not to revoke the 2009 Will, which was the basis for their unjust enrichment claim. The trial court denied the motion, and the jury returned a verdict in favor of the Plaintiffs on their unjust enrichment claim and awarded them $100,000 in damages. This appeal ensued.

## Discussion and Decision

### 1. The Trial Court Erred by Denying the Defendants' Summary Judgment on the Plaintiffs' Unjust Enrichment Claim

[9] The Defendants contend the trial court erred by denying their motion for summary judgment on the Plaintiffs' unjust enrichment claim. We review summary judgment decisions de novo, which means we apply the same standard as the trial court. *Miller v. Patel*, 212 N.E.3d 639, 644 (Ind. 2023) (quoting *624 Broadway, LLC v. Gary Hous. Auth.*, 193 N.E.3d 381, 384 (Ind. 2022)). Summary judgment is proper only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *City of Marion v. London Witte Grp., LLC*, 169 N.E.3d 382, 390 (Ind. 2021) (quoting *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind.

2009)). We resolve "all factual inferences and all doubts as to the existence of a material issue" in favor of the nonmovant. *Zaragoza v. Wexford of Ind., LLC*, 225 N.E.3d 146, 151 (Ind. 2024) (internal quotation marks omitted) (quoting *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012)). In so doing, "we give careful scrutiny to make sure the non-movant's day in court is not improperly denied." *Id.* (internal quotation marks omitted) (quoting *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016)).

[10] The party moving for summary judgment bears the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Wireman v. LaPorte Hosp. Co.*, 205 N.E.3d 1041, 1045 (Ind. Ct. App. 2023) (citing *Serbon v. City of E. Chicago*, 194 N.E.3d 84, 91 (Ind. Ct. App. 2022)), *reh'g denied* (Apr. 5, 2023), *trans. denied*, 211 N.E.3d 1007 (Ind. 2023). The movant "can make this showing when undisputed evidence affirmatively negates a required element" of the nonmovant's claim. *Cmty. Health Network, Inc. v. McKenzie*, 185 N.E.3d 368, 377 (Ind. 2022) (citing *Siner*, 51 N.E.3d at 1187–88). Only if the movant meets this prima facie burden does the burden then shift to the nonmovant to show the existence of a genuine issue of material fact. *Wireman*, 205 N.E.3d at 1045 (citing *Serbon*, 194 N.E.3d at 91).

[11] Here, the Defendants filed a motion for and were denied summary judgment on the Plaintiffs' unjust enrichment claim. "Also referred to as quantum meruit or quasi-contract, unjust enrichment requires a party who has been unjustly enriched at another's expense to make restitution to the aggrieved party." *Reed*,

980 N.E.2d at 296 (citing *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991)). To recover under an unjust enrichment claim, a plaintiff must show that (1) "he rendered a benefit to the defendant at the defendant's express or implied request," (2) "the plaintiff expected payment from the defendant," and (3) "allowing the defendant to retain the benefit without restitution would be unjust." *Id.* (citing *Sonnenburg*, 573 N.E.2d at 408). "Put another way, 'a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. One who labors without an expectation of payment cannot recover in quasi-contract.'" *Woodruff v. Ind. Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012) (quoting *Sonnenburg*, 573 N.E.2d at 408).

[12]     For their unjust enrichment claim, the Plaintiffs' complaint alleged in relevant part as follows:

> 55.  Kenneth agreed to divide his portion of the estate to [Judith's children] in exchange for an equal promise from Judith to provide for Plaintiffs.

> 56.  Kenneth sold his property and assets in Illinois and contributed significantly to the [Newton County Property], thereby increasing the value of the Estate of Judith Sain.

> 57.  Kenneth did so believing that Judith would honor the promise and contract not to revoke the 2009 wills.

58. Judith and Stepchildren received a measurable benefit for Kenneth's contribution to the [Newton County] Property as well as to other property gathered during his lifetime.

59. Kenneth expected his children, Plaintiffs, to receive the benefit of his labors and decisions, as evidence in the 2009 wills and he and Judith's conversations and promises thereafter.

60. Allowing Judith's children . . . to retain the benefit of Kenneth's labors and decisions without restitution would render an unjust result and harm Plaintiffs.

Appellants' App. Vol. II at 30–31. The Plaintiffs did not present arguments specific to the elements of unjust enrichment in their response to the Defendant's motion for summary judgment.

[13] In evaluating the Defendants' motion for summary judgment on the unjust enrichment claim, the trial court's findings and conclusions regarding the breach of contract claim—which the parties do not challenge on appeal—are instructive:

**Findings of Fact.** . . . [T]he Court finds that the following material facts are undisputed:

 * * *

8. . . . In their Complaint, Plaintiffs allege that Judith broke either an express agreement (Count I), or an implied contract (Count II labeled as unjust enrichment), not to revoke her 2009 will when she signed her later 2014 will, and when she

transferred [the Newton County Property] to her daughters by warranty deed.

**Conclusions of Law.** . . .

1. . . . [T]he Court concludes that the [sic] Kenneth's 2009 will expressed his testamentary intent to leave his property to Judith as "her sole and absolute property."

2. The 2009 wills of Kenneth and Judith each provided for the transfer of property to the other as their "sole and absolute property," without restriction or limitation. No language in the 2009 wills of Kenneth and Judith indicates or suggests any restriction or limitation on this transfer such as the existence of an agreement or promise not to revoke or revise their wills in the future.

 * * *

5. In this case, the Plaintiffs contend that the 2009 wills reflect an implied agreement between Kenneth and Judith not to revoke or revise their terms. Here, as in *Wisler* [*v. McCormack*, 406 N.E.2d 361 (Ind. Ct. App. 1980)], the 2009 wills do not provide any basis for the Court to imply an agreement not to revoke them in the future. To the contrary, the 2009 wills reflect an express intent to transfer property to each spouse as their "sole and absolute property." When the Court interprets an instrument like a will or a contract, "there can be no implication against the express terms . . . , nor a substitution of an implied term for an express one." *Wills v. Gaff*, 191 N.E.2d 41, 44 (Ind. Ct. App. 1963). When Kenneth passed in 2011, his property passed to Judith as her "sole and absolute property" with no restrictions or limitations.

6.  The Court accordingly concludes that the late Judith Anne Sain did not breach any agreement or act unlawfully by revoking her 2009 will or by transferring real property by warranty deed, and that that judgment should be entered as a matter of law for Defendants.

7.  Having rejected the Plaintiffs' contention that the 2009 wills evidence an express or implied agreement not to revoke or revise their terms in the future, the Court further concludes that Plaintiffs have not presented designated evidentiary material reflecting any agreement or promise by Judith not to revoke her 2009 will.  Significantly, the attorney who prepared the wills and a subscribing witness signed affidavits attesting they were not aware of any agreement or promise by Kenneth or Judith not to revoke their 2009 wills.

8.  Plaintiffs have submitted their own affidavits in opposition to the Motion for Summary Judgment.  Those affidavits recite conversations by three of the Plaintiffs with Kenneth and/or Judith in which Kenneth discussed their estate plan to provide for all eight children.  The Court concludes that such affidavits may not be considered on summary judgment or at trial under Indiana's Dead Man's Statute, Ind. Code § 34-45-2-4(d).

 * * *

10.  The Court concludes that the Deadman's Statute applies in this case.  Plaintiffs are parties to the issue – the purported statements made by Judith – with interests adverse to her and her estate.  Plaintiffs' Complaint is premised entirely on Judith's revocation of her 2009 will and transfer of real estate in 2019, and seeks damages against her estate and daughters.  . . .

11.  Even if the Court were to consider the affidavits, however, the Court concludes that the affidavits do not provide evidence of

> any agreement or promise to not revoke the 2009 wills. The affidavits reference, at most, an estate "plan" by Kenneth and Judith, but a plan is not evidence of an agreement or promise to never revoke the plan. . . .

Appellants' App. Vol. III at 78–82 (emphases in original).

[14] Based on these findings and conclusions, it is undisputed in this case that (1) the "Plaintiffs' Complaint is premised entirely on Judith's revocation of her 2009 will and transfer of [the Newton County Property] in 2019," Appellants' App. Vol. III at 82; (2) Judith "did not breach any agreement or act unlawfully by revoking her 2009 will or by transferring [the Newton County Property] by warranty deed," *id.* at 81; and (3) the Plaintiffs did not present "designated evidentiary material reflecting any agreement or promise by Judith not to revoke her 2009 will," *id.* Despite these unchallenged findings and conclusions, the Plaintiffs contend their unjust enrichment claim is distinct from their failed breach of contract claim.[1] In particular, the Plaintiffs argue their unjust enrichment claim is an alternative theory to their breach of contract claim and "goes beyond any agreement not to revoke a will." Appellees' Br. at 15. However, the trial court determined that the "Plaintiffs' Complaint is premised entirely on Judith's revocation of her 2009 will and transfer of [the Newton County Property] in 2019." Appellants' App. Vol. III at 82. Plaintiffs'

---

[1] The Plaintiffs also assert that their unjust enrichment claim is only against Judith's children; however, the Plaintiffs' complaint makes clear that both the breach of contract claim and the unjust enrichment claim are against all the named defendants, i.e., the Defendants.

argument that their two claims are distinct and not based on the same conduct is unavailing.

[15] Because the trial court concluded the Plaintiffs' complaint was based upon an implied agreement and further concluded that agreement did not exist, the Plaintiffs' unjust enrichment claim cannot stand and must fail on this record, just as their breach of contract claim failed. Additionally, several key facts negate any claim of injustice. First, Kenneth's will freely and deliberately transferred his property to Judith as her "sole and absolute property" without any conditions or restrictions. This express language gave Judith complete ownership rights, including the right to dispose of the Newton County Property however she wished. Second, neither Kenneth's nor Judith's 2009 wills contained nonrevocation provisions, so Judith retained her legal right to change her estate plan. Even if Kenneth had certain expectations based on an alleged agreement with Judith, those expectations cannot create an unjust enrichment claim against Judith's children, who simply received property that was legally and properly transferred to them by their mother, who had full legal authority to make these transfers of what had become her unconditional property. The fact that Kenneth's children hoped to benefit from the 2009 Will based on the couple's initial estate planning does not render it unjust for Judith's children to receive what their mother legally owned and chose to give them. Thus, the essential element that the enrichment be "unjust" is absent, entitling the Defendants to summary judgment on the unjust enrichment claim. It was therefore error for the trial court to deny them the same.

Accordingly, we reverse the trial court's denial of summary judgment on the unjust enrichment claim. We remand with instructions for the trial court to vacate the jury's verdict, vacate the denial of summary judgment on the unjust enrichment claim, and enter summary judgment and final judgment in favor of the Defendants on the unjust enrichment claim.

Reversed and remanded with instructions.

Pyle, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANTS

Tomas M. Thompson
Thompson Legal LLC
Morocco, Indiana

ATTORNEYS FOR APPELLEES

William T. Sammons
The Law Office of William T. Sammons
Rensselaer, Indiana

Clifford M. Robinson
Law Office of Clifford M. Robinson, LLC
Rensselaer, Indiana