**Joseph HUBBARD, Patrick Sherman and Sherman & Armbruster, P.C., Appellants–Defendants,**

v.

**Eli TOMLINSON, Appellee–Plaintiff.**

No. 36A05–0010–CV–435.

Court of Appeals of Indiana.

May 8, 2001.

Richard H. Rieger, Carol A. Nemeth, White & Raub, LLP, Indianapolis, IN, Attorneys for Appellants Patrick Sherman and Sherman & Armbruster.

Steven K. Huffer, Huffer & Weathers, PC, Indianapolis, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge

Patrick Sherman and Sherman & Armbruster, P.C. ("S & A") bring this interlocutory appeal of the trial court's denial of their motion for summary judgment on Eli Tomlinson's action against S & A.

We reverse.

1. Hubbard is not a party to this appeal.

## FACTS AND PROCEDURAL HISTORY

The undisputed facts relevant to this appeal reveal that Tomlinson and Joseph Hubbard were two of five shareholders in a closely-held corporation known as Multimedia Software Distributors ("Multimedia"). Multimedia was formed in May 1993 as a computer software wholesaler and expanded rapidly. Largely because of this expansion, Multimedia failed to properly record its transactions and maintain financial statements. In December 1993, the corporation retained S & A, a certified public accounting firm, to provide accounting services. After reviewing corporate records, S & A prepared two financial statement drafts.

On August 4, 1994, Multimedia filed bankruptcy. Two years later, on August 8, 1996, Tomlinson filed a multi-count complaint against Hubbard[1] and S & A, alleging that Hubbard breached his fiduciary duties to him by diverting proceeds earned by Multimedia to another business owned by Hubbard. Tomlinson further alleged in his complaint that S & A conspired with Hubbard to "loot" the corporation and that S & A misrepresented Multimedia's solvency and profitability.

S & A subsequently filed a motion for summary judgment. Following a hearing, the trial court denied the motion on April 26, 2000. The trial court certified the order for interlocutory appeal, and we accepted jurisdiction of the appeal.

## DISCUSSION AND DECISION

S & A argues that the trial court erroneously denied its summary judgment motion. It contends that Tomlinson's claims against it are corporate claims belonging to Multimedia, which must be raised in a

shareholder's derivative action rather than in a direct action. We agree.

 Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle Eastern Pipeline Co.,* 694 N.E.2d 1198, 1200 (Ind.Ct.App.1998), *trans. denied.* If the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts. *Burkett v. American Family Ins. Group,* 737 N.E.2d 447, 452 (Ind.Ct.App. 2000). " 'When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo.' " *Id.* (quoting *Mahowald v. State,* 719 N.E.2d 421, 424 (Ind.Ct.App.1999)). Here, the facts are not in dispute, therefore a de novo standard of review will be applied to the issue presented.

 Initially, we recognize that it is well-established that the "general rule is that shareholders of a corporation may not maintain actions at law in their own names to redress an injury to the corporation even if the value of their stock is impaired as a result of the injury." *Moll v. South Central Solar Systems, Inc.,* 419 N.E.2d 154, 161 (Ind.Ct.App.1981) (citations omitted). Sound public policy considerations support this rule: "It is recognized that authorization of shareholder actions in such cases would constitute authorization of multitudinous litigation and disregard for the corporate entity. Sound policy considerations have been said to require that a single action be brought rather than

to permit separate suits by each shareholder even when the corporation and the shareholder are the same." *Id.*

In the context of closely-held corporations, our supreme court has created an exception to the rule preventing shareholders from maintaining actions in their own names. *Barth v. Barth,* 659 N.E.2d 559, 561 (Ind.1995). The court identified two reasons for allowing shareholders of closely-held corporations to bring direct rather than derivative actions. *Id.* First, shareholders of closely-held corporations have direct fiduciary duties to each other and to the corporation requiring fair dealing, honesty, and openness. Second, the policies mandating derivative litigation in publicly-held corporations are often not implicated in the case of closely-held corporations. *Id.*

Recently, in *G & N Aircraft, Inc. v. Boehm,* 743 N.E.2d 227, 236 (Ind.2001), our supreme court summarized the law concerning direct versus derivative shareholder actions by explaining:

"The distinction between direct and derivative actions has been complicated in more recent years by recognition in many jurisdictions, including Indiana, of direct actions by shareholders in close corporations for derivative claims. In 1995, this Court held that a shareholder in a close corporation need not always bring claims of corporate harm as derivative actions. Rather, in such an arrangement, the shareholders are more realistically viewed as partners, and the formalities of corporate litigation may be bypassed. *Barth v. Barth,* 659 N.E.2d 559, 561 & n. 6 (Ind.1995). The Court, following the American Law Institute's Principles of Corporate Governance section 7.01(d), held that a shareholder of a close corporation may proceed against a fellow shareholder in a direct action if that form of action would not: (1) unfair-

ly expose the corporation or the defendants to a multiplicity of actions, (2) materially prejudice the interests of creditors of the corporation; or (3) interfere with a fair distribution of the recovery among all interested persons. *Id.* at 562. The Court reasoned that 'shareholders of closely-held corporations have very direct obligations to one another and ... shareholder litigation in the closely-held corporation context will often not implicate the principles which gave rise to the rule requiring derivative litigation....' Specifically, requiring a demand on the board and awarding the recovery to the corporation may not be appropriate in a close corporation where there are only two shareholders, and one owns a majority of the stock and controls the board."

The *Barth* court cautioned that the exception did not abrogate the rule: "it is important to keep in mind that the principles which gave rise to the rule requiring derivative actions will sometimes be present even in litigation involving closely-held corporations." *Barth*, 659 N.E.2d at 562.

In *Moll, Barth,* and *G & N*, the shareholder actions were brought solely against another shareholder. Here, the issue is whether a shareholder of a close corporation may sue an outside entity in a direct action. The same reasoning articulated in these cases obtains, and the claims asserted by Tomlinson against S & A are derivative claims that must be brought by or on behalf of Multimedia.

■ The claims here allege injury to the corporation and conceivably injure not only Tomlinson but also the other shareholders and creditors. Allowing Tomlinson to proceed with his direct action would disregard the corporate entity. A direct action would also fail to protect the corporation from multiple lawsuits and fail to protect its creditors from loss and its shareholders

from prejudice. Here, Tomlinson is one of five shareholders in Multimedia. Based upon the existence of multiple shareholders, both the corporation and S & A are potentially exposed to multiple lawsuits. Furthermore, Multimedia has no fewer than fifty creditors holding in excess of one million dollars in claims. Allowing Tomlinson to proceed with his direct action would materially prejudice the interests of these creditors. Finally, Tomlinson requests that damages be awarded to him individually, rather than to the corporation or its creditors. Yet, it is apparent that any recovery of damages by Tomlinson would significantly interfere with a fair distribution of recovery among all interested persons. Indeed, the claim, which Tomlinson seeks to assert can only be asserted by the bankruptcy trustee for Multimedia. The claim became part of Multimedia's estate in bankruptcy at the time of the bankruptcy filing. *Schlosser v. Bank of Western Indiana,* 589 N.E.2d 1176, 1179 (Ind.Ct. App.1992) ("[w]hen a debtor files a petition in bankruptcy, the debtor is divested of all of his or her assets, including any potential causes of action, and the assets are transferred to the bankruptcy estate").

The undisputed designated evidence establishes that Tomlinson's action was required to be brought derivatively. Accordingly, we reverse the trial court's order.

Reversed.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.