

I N  T H E

# Court of Appeals of Indiana

Velox Express, Inc., and James R. Gibson,

*Appellants-Defendants,*

v.

Darryl Brent Waltz, Jr.,

*Appellee-Plaintiff.*



FILED

Feb 16 2026, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

February 16, 2026

Court of Appeals Case No.
25A-PL-1499

Appeal from the
Johnson Superior Court

The Honorable
R. Scott Sirk, Special Judge

Trial Court Cause No.
41D02-2210-PL-134

**Opinion by Senior Judge Crone**
Judges Bailey and Kenworthy concur.

**Crone, Senior Judge.**

## Statement of the Case

Darryl Brent Waltz, Jr., sued Velox Express, Inc. (Velox) and James R. Gibson alleging that Gibson had mismanaged and defrauded Velox, a closely-held corporation that was co-owned in part by Waltz and Gibson. Waltz further alleged that Gibson's acts and omissions had damaged him financially.

In this interlocutory appeal, Velox and Gibson seek review of the trial court's denial of their second motion for summary judgment. They argue that Waltz's claims derive from his status as a shareholder of Velox, and he is not allowed to pursue those claims independently.

We conclude that Velox and Gibson have established that Waltz's claims are derivative in nature and that his lawsuit is barred by statute because Velox created a special litigation committee to address his claims. Consequently, we reverse and remand with instructions to grant Velox and Gibson's summary judgment motion.

## Facts and Procedural History

Velox is an Indiana logistics company. In 2011, co-owners James R. Gibson, D. Brent Waltz, and Larry Hobson executed Velox's bylaws. Under the

bylaws, Gibson and Waltz each owned 4,250,000 shares of common stock, and Hobson owned 1,500,000. The bylaws also named Gibson as Velox's president and secretary, and it appears that he continued to serve as president since the company's founding. In addition, Gibson and Waltz both served on Velox's board of directors.

[5] Velox's board, at Gibson's direction, removed Waltz as a director during a dispute. In October 2022, Waltz sued Velox and Gibson. He stated that Gibson had committed numerous acts of misconduct as a co-owner and director of Velox, such as allowing Velox's legal entity status to expire in numerous states, failing to hold regular board meetings, failing to pay dividends, and using Velox's funds and assets for the personal enrichment of Gibson and others. Waltz specifically alleged the following claims: (1) Gibson breached his fiduciary duties as part-owner and president of Velox, harming both the company and Waltz; (2) Gibson's actions amounted to theft of Waltz's property; (3) Gibson defrauded Waltz; and (4) Velox breached its contractual obligations to Waltz.

[6] Velox filed an answer, alleging that Waltz was "improperly attempt[ing] to assert derivative claims directly." Appellant's App. Vol. 2, p. 41. Velox further stated that it would establish a "disinterested special litigation committee" to examine Waltz's claims and determine if a derivative action was appropriate. *Id.* Velox also filed a counterclaim, alleging that Waltz violated his fiduciary duties as a co-owner, which damaged Velox's finances and reputation.

[7]     In November 2022, Velox created a special litigation committee ("SLC") to review Waltz's claims. The SLC consisted of attorney Christopher D. Lee, minority shareholder Larry Hobson, and Hobson's wife, Kim Hobson. In March 2023, the SLC produced a report concluding that it was not in Velox's best interests to pursue Waltz's claims, with the exception of an allegation that Gibson had taken a company-owned utility vehicle for his exclusive personal use. That allegation was resolved when Gibson paid Velox $10,000.

[8]     In March 2023, Velox filed a motion for summary judgment, claiming that the SLC's report eliminated the need for Waltz's lawsuit. Gibson joined Velox's motion. Waltz filed a brief in opposition and an affidavit generally verifying the truthfulness of the factual statements in his brief. Waltz also complained that Velox and Gibson had failed to designate the evidence they cited in support of their motion for summary judgment, even though he had also failed to designate evidence. Velox filed a designation of evidence. The trial court denied the summary judgment motion.

[9]     Meanwhile, in 2023 Velox merged with Velox of Delaware, Inc. ("Velox Delaware"). Velox Delaware began operating under the name Velox Express, Inc. As part of the merger process, Velox sent Waltz a check for $454,750 as payment for his shares in Velox. He disagreed with the valuation of his shares and initially did not cash the check. Next, Velox filed a declaratory judgment action in Marion County, asking the court to determine whether Waltz qualified as a dissenter under Indiana law. The Marion County trial court granted summary judgment to Velox, determining that Waltz had failed to

comply with Indiana's dissenter's rights statute and was entitled only to payment for the fair value of his shares in the former corporation.[1]  Waltz owns no shares in Velox Delaware.

[10]  In February 2025, Velox filed a second motion for summary judgment and a designation of evidence.  Gibson joined in the motion.  Waltz filed a brief but did not designate any evidence opposing the motion.  The trial court denied Velox and Gibson's motion after oral argument, concluding that "there are genuine issues of material fact in dispute[.]"  Appellants' App. Vol. 2, p. 14.  Next, Velox and Gibson requested and received permission to pursue an interlocutory appeal.  This appeal followed.

## Issue

[11]  Velox and Gibson raise several issues, but one is dispositive:  whether Velox and Gibson are entitled to summary judgment because Waltz's suit is a derivative action that is barred by the SLC's report.

## Discussion and Decision

[12]  A party moving for summary judgment must "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the

---

[1] The record indicates that Velox also filed a second case in Marion County to determine the fair value of Waltz's shares "if . . . Waltz satisfied the statutory prerequisite to asserting dissenter's rights[.]"  Appellants' App. Vol. 2, p. 196.  The record does not state how that case was resolved.

motion." Ind. Trial Rule 56(C). "A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." *Id.* The movant shall prevail "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

[13] "We review a trial court's decision to grant or deny summary judgment de novo, standing in the same position as the trial court and considering only the properly designated evidence in evaluating the summary judgment motion." *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 699 (Ind. Ct. App. 2012), *trans. denied.* We accept as true those facts alleged by the non-moving party, construe the evidence in favor of the non-movant, and resolve all doubts against the moving party. *Id.* "The party appealing the trial court's grant or denial of summary judgment bears the burden of persuading us that the trial court erred." *New Albany-Floyd Cnty. Educ. Ass'n v. Ammerman*, 724 N.E.2d 251, 256-57 (Ind. Ct. App. 2000).

[14] Waltz did not designate any evidence in opposition to the second motion for summary judgment. As a result, we consider only Velox and Gibson's designated evidence in determining whether the trial court erred in denying summary judgment. *See Desai v. Croy*, 805 N.E.2d 844, 851 (Ind. Ct. App. 2004) (reviewing only evidence designated by movant for summary judgment; nonmoving party failed to timely designate evidence opposing motion), *trans. denied*.

[15] Waltz filed three claims against Gibson (breach of fiduciary duty, theft, and fraud) and one claim against Velox (breach of contract). Velox and Gibson argue that all of his claims derive from his status as a shareholder and may not be maintained independently. Shareholders in a close corporation stand in a fiduciary relationship to each other. *Marcuccilli v. Ken Corp.*, 766 N.E.2d 444, 448 (Ind. Ct. App. 2002). "That is, the shareholders have an obligation to deal fairly, honestly, and openly with the corporation as well as their fellow shareholders." *Id.* Even so, a shareholder may not file suit as a direct action "to redress an injury to the corporation even if the value of their stock is impaired as a result of the injury." *Id.* at 448-49. The shareholder must instead file a derivative action to seek a remedy for the corporate injury. *Id.* at 449. As the Indiana Supreme Court has explained:

> [A] direct action may be brought when [] 'it is based upon a primary or personal right belonging to the plaintiff-stockholder.... It is derivative when the action is based upon a primary right of the corporation but which is asserted on its behalf by the stockholder because of the corporation's failure, deliberate or otherwise, to act upon the primary right.'

*G & N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227, 235 (Ind. 2001) (quoting *Schreiber v. Butte Copper & Zinc Co.*, 98 F. Supp. 106, 112 (S.D.N.Y. 1951)).

[16] The Supreme Court further explained: "Examples of actions that are typically required to be brought derivatively include actions to recover for loss of a corporate opportunity, to recover corporate waste, and to recover damages to a corporation caused by an officer or director's self-dealing." *Id*.

[17] In Waltz's complaint, his four claims refer to Gibson's alleged acts of negligence and misconduct as president and co-owner of Velox. His acts and omissions allegedly diverted Velox's funds and assets for Gibson's personal benefit and damaged Velox's standing, profitability, and ability to conduct business, thereby reducing the value of Waltz's shares. This alleged self-dealing and waste is the type of claim that must be brought derivatively, rather than in one's own name. *See Hubbard v. Tomlinson*, 747 N.E.2d 69, 72 (Ind. Ct. App. 2001) (shareholder's lawsuit against other shareholder and accounting firm was derivative action; plaintiff alleged fraud and mismanagement).[2]

[18] Waltz argues that he should be allowed to proceed with this suit, even if his claims are derivative, because of an exception for closely held corporations such as Velox. In *Barth v. Barth*, 659 N.E.2d 559 (Ind. 1995), one of three shareholders in a closely-held corporation sued the corporation and its president and primary shareholder, alleging fraud and mismanagement. The trial court allowed the plaintiff to continue with the lawsuit in his own name, rather than through a derivative action. The Indiana Supreme Court "affirm[ed] the general rule requiring a shareholder to bring a derivative rather than direct action when seeking redress for injury to the corporation," but stated that a

---

[2] Velox and Gibson also argue that Waltz is barred from denying that his claims are derivative in nature. They point to a set of joint stipulations in the Marion County case, where the parties agreed that the current case is a "derivative action[.]" Appellants' App. Vol. 2, p. 194. In response, Waltz argues that the stipulation is not binding on this case. We need not address this dispute.

limited exception exists for some closely held corporations. *Id.* at 561. The Court explained:

> In the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Id.* at 562 (quoting American Law Institute, PRINCIPLES OF CORPORATE GOVERNANCE § 7.01(d)). The Court remanded for a determination of whether the newly-stated exception applied in that case.

[19] In *Kesling v. Kesling*, 83 N.E.3d 111, 113 (Ind. Ct. App. 2017), *trans. denied*, minority shareholders in a closely held corporation sued the corporation and the majority shareholder, who was also the president of the board. The minority shareholders alleged mismanagement of the corporation and breach of fiduciary duties. The parties agreed that the lawsuit was derivative in nature, but the minority shareholders asked the trial court to allow the lawsuit to proceed under the exception in *Barth* for closely held corporations. The trial court declined to apply the *Barth* exception, and this Court affirmed.

[20] The Court first determined that a litigant seeking to establish the *Barth* exception has "the burden to present facts showing that the limited exception to the rule applies." *Id.* at 118. After the litigant makes such a showing, the

burden shifts to the other party "to designate facts in avoidance of the exception." *Id.* Next, the *Kesling* Court, applying the factors set forth in *Barth*, determined that the trial court did not err in refusing to allow the minority shareholder's claims to go forward.

[21] In the current case, Waltz had the burden of providing facts showing that the *Barth* exception applied to his claims. But he did not designate or provide any evidence in response to Velox and Gibson's second motion for summary judgment. And he also failed to designate evidence in opposition to the first motion for summary judgment, merely an affidavit generally stating that the factual assertions in his brief were true. That affidavit was inadequate. *Cf. Grose v. Bow Lanes, Inc.*, 661 N.E.2d 1220, 1223-24 (Ind. Ct. App. 1996) (trial court erred in disregarding nonmoving parties' designated affidavits; affidavits set forth specific facts disputing movant's allegations). Having failed to designate or present any evidence in response to the second summary judgment motion, Waltz did not meet his burden of showing that the *Barth* exception applies to his complaint.

[22] Next, Velox and Gibson allege that Waltz's derivative lawsuit cannot proceed because the SLC's report eliminated the need for it. They cite Indiana Code section 23-1-32-4 (1986), which provides:

> (a) Unless prohibited by the articles of incorporation, the board of directors may establish a committee consisting of three (3) or more disinterested directors or other disinterested persons to determine:

(1) whether the corporation has a legal or equitable right or remedy; and

(2) whether it is in the best interests of the corporation to pursue that right or remedy, if any, or to dismiss a proceeding that seeks to assert that right or remedy on behalf of the corporation.

(b) In making a determination under subsection (a), the committee is not subject to the direction or control of or termination by the board. A vacancy on the committee may be filled by the majority of the remaining members by selection of another disinterested director or other disinterested person.

(c) If the committee determines that pursuit of a right or remedy through a derivative proceeding or otherwise is not in the best interests of the corporation, the merits of that determination shall be presumed to be conclusive against any shareholder making a demand or bringing a derivative proceeding with respect to such right or remedy, unless such shareholder can demonstrate that:

(1) the committee was not 'disinterested' within the meaning of this section; or

(2) the committee's determination was not made after an investigation conducted in good faith.

(d) For purposes of this section, a director or other person is 'disinterested' if the director or other person:

(1) has not been made a party to a derivative proceeding seeking to assert the right or remedy in question, or has been made a party but only on the basis of a frivolous or insubstantial claim or for the sole purpose of seeking to disqualify the director or other person from serving on the committee;

(2) is able under the circumstances to render a determination in the best interests of the corporation; and

(3) is not an officer, employee, or agent of the corporation or of a related corporation. However, an officer, employee, or agent of

the corporation or a related corporation who meets the standards of subdivisions (1) and (2) shall be considered disinterested in any case in which the right or remedy under scrutiny is not assertable against a director or officer of the corporation or the related corporation.

[23] Commentary to the statute explains that the drafters codified the "business judgment rule[.]" *Id.*, cmnt. (c). That rule "'bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes.'" *TP Orthodontics v. Kesling*, 15 N.E.3d 985, 990 (Ind. 2014) (quoting *Auerbach v. Bennett*, 393 N.E.2d 994, 1000 (N.Y. 1979)). "A court 'will not substitute its judgment for that of the board if the latter's decision can be attributed to any rational business purpose.'" *Id.* (quoting *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 954 (Del. 1985)).

[24] In the current case, the SLC consisted of minority shareholder Larry Hobson, his wife, Kim Hobson, and attorney Christopher D. Lee. It appears that Lee did not have any prior business relationships with Velox, Gibson, or Waltz. The SLC, through Lee, interviewed several persons, including Waltz, and produced a five-page report addressing Waltz's allegations. The SLC concluded that Gibson, as president, may have failed to hold regular meetings for shareholders and the board of directors, but that any failure did not materially harm Velox. Further, Gibson may have taken a company-owned utility vehicle for his exclusive personal use, but Gibson resolved the issue by paying Velox $10,000. The SLC also determined that Waltz's allegations that

Gibson used Velox's assets to benefit family or employees to be unfounded or de minimis losses. In summary, the SLC concluded that the challenged acts or omissions by Gibson (other than the utility vehicle issue) may have demonstrated poor thinking in hindsight but still fell within an acceptable range of good-faith, rational decision-making.

[25] Waltz argues that the SLC did not investigate in good faith and that its members were not disinterested. Under the plain language of Indiana Code section 23-1-32-4(c), he bore the burden of supporting his arguments with evidence.

[26] Regarding good faith, the comment to Indiana Code section 23-1-32-4(c) notes that whether an SLC acted in good faith depends "in part on the adequacy and appropriateness of the Committee's investigatory procedures, which in turn will depend on the nature and complexity of the claim." Waltz claims that the SLC's investigation of his claims was minimal at best, disposing of some of his allegations (such as Velox's preferential hiring of Gibson's family members) in a cursory manner. He adds that there is no evidence that the SLC reviewed Velox's financial and employment records. But Waltz bore the burden of providing evidence to support his claim of lack of a good faith investigation, and he did not designate any to the trial court in response to the second motion for summary judgment. And his only evidence opposing the first motion for summary judgment was a general affidavit.

[27] Turning to whether the SLC's members were sufficiently disinterested, Waltz claims that the Hobsons were longtime friends with Gibson.[3] He is in essence claiming that the Hobsons' friendship meant that they were not "able under the circumstances to render a determination in the best interests of the corporation." Ind. Code § 23-1-32-4(d)(2).

[28] The term friendship can describe a wide range of relationships, from acquaintances to near-familial bonds. A mere statement that an SLC member and a corporate officer have had a longstanding friendly relationship does not, standing alone, demonstrate lack of independence. *See, e.g., Lemenestrel v. Warden*, 964 A.2d 902, 921-22 (Pa. Super. Ct. 2008) (SLC committee member and spouse's history of socializing with corporate officer and spouse over many years was insufficient proof of committee member's lack of independence), *appeal denied*; *see also Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1050-51 (Del. 2004) (in context of whether a pre-lawsuit demand for relief to a corporation's board of directors was futile, Delaware Supreme Court held that merely friendly relationships among board members and CEO, including socializing at weddings, was insufficient to prove board lacked independence). More evidence is required for a shareholder to meet the burden of proof under Indiana Code section 23-1-32-4(c). *See, e.g,, Matter of*

---

[3] Waltz also alleges that Larry Hobson was Velox's "Chief Financial Officer" for an unspecified period of time. Appellee's Br. p. 26. As evidentiary support, Waltz cites to his response brief in opposition to Velox and Gibson's first motion for summary judgment. But that document does not mention that Hobson was an officer of Velox.

*Dish Network Derivative Litig.*, 401 P.3d 1081, 1091 (Nev. 2017) (record showed two founding members of SLC lacked independent judgment; board members' families took vacations with chief executive officer's family and served as godparents for children). We conclude that Waltz's bare statement of longstanding friendship, standing alone, did not call into question the SLC's disinterestedness. In summary, Velox and Gibson demonstrated that Waltz's claims are derivative in nature, and the SLC determined that pursuing the claims was not in Velox's best interests. Under Indiana Code section 23-1-32-4(c), Waltz's complaint may not go forward.[4]

## Conclusion

[29] Velox and Gibson met their burden of proving entitlement to summary judgment as a matter of law, and Waltz failed to designate and provide evidence establishing disputes of material fact, particularly as to the *Barth* exception and whether the SLC was disinterested and investigated his claims in good faith. For the reasons stated above, we reverse and remand with instructions to grant Velox and Gibson's second motion for summary judgment.

[30] Reversed and remanded with instructions.

---

[4] As an alternative ground for reversal, Velox and Gibson argue that Waltz may not continue to litigate his derivative claims because he is no longer a Velox shareholder, having been paid for his shares during the merger with Velox Delaware. Having reversed on an alternative basis, we do not need to address that issue.

Bailey, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT
VELOX EXPRESS, INC.

Benjamin C. Fultz
Fultz Maddox Dickens, PLC
Louisville, Kentucky

Eric W. Prime
Van Valer Law Firm, LLP
Greenwood, Indiana

ATTORNEY FOR APPELLANT
JAMES R. GIBSON

Michael W. Oyler
Furman Nilsen & Oyler PLLC
Louisville, Kentucky

ATTORNEY FOR APPELLEE

Paul L. Jefferson
SLS Group, LLC
Carmel, Indiana